DETINUE.                          *Reed vs. Greathouse.*

Case 118.              Appeal from the Mason Circuit; WILLIAM P. ROPER, Judge.

                                  *Fraud in sales. Instructions. Error.*

October 13.      Judge OWSLEY delivered the opinion of the court.

                                  THIS is a contest involving the right
Detinue for a   to a negro slave named Ajax, possessed by Great-
slave by        house, and claimed by Reed, and to recover which
Reed; ver-      the latter brought his action of detinue against the
dict and
judgment for    former, and was defeated by a verdict and judgment
Greathouse.     in the circuit court.

                        The slave was purchased by Greathouse, at a sale
Title of        made by a sheriff, under an execution, which came
Greathouse      to his hands against the estate of a certain John
to the slave.   Merrick, in whose possession the slave then was,
and had been for several years previously; and it
was by setting up and relying upon that sale and
purchase, that Greathouse aided by instructions
from the court, succeeded in defeating a recovery by
Reed, at the trial in the circuit court

Reed's title.         The sale and purchase of the negro as aforesaid,
is not contested by Reed, but he contends that at
the time the executions under which the sale was
made, came to the hands of the sheriff, and when the
sale was made, Merrick had but a life estate in the
negro; the estate in remainder after Merrick's death
being vested in a certain George George, who has
since sold that interest to him, Reed, and that it was
not the estate in fee of the slave, but the life estate
of Merrick which was sold by the sheriff, and pur-
chased by Greathouse.

                        —And he complains of the instructions which
Error com-      were given by the court as, being calculated to mis-
plained of by   lead the jury, by withdrawing their attention and
Reed.
enquiry from the extent of interest which was pur-
chased at the sheriff's sale by Greathouse, to the
question of fraud in an agreement which was previ-
ously reduced to writing, signed and delivered by
Merrick and George George, and duly recorded by
which the former acknowledged the negro in ques-
tion, together with several others, to belong after
his death, to the latter, and by which the latter also

acknowledged the right of the same slaves to be in the former during his life.

REED
vs.
GREAT-
HOUSE.

We will therefore without entering upon a more particular statement of the facts proved, turn our attention to the instructions which were given to the jury, and see whether they are liable to the objection taken by Reed.

It is undoubtedly true that if Greathouse purchased nothing more than the interest which Merrick had for life in the negro in question, he should not after holding the possession of the slave during Merrick's life, be permitted to defeat a recovery by Reed, who is the alienee of George George's interest in remainder, on the ground that the writing, which was executed by Merrick and George, and by which the right in remainder after the death of the former was acknowledged, was fraudulent as to the creditors of Merrick. For though fraudulent, the writing is unquestionably valid between the parties; and if Greathouse only purchased the life estate of Merrick in the negro, he has no pretext for assuming the station of a creditor or purchaser, so as to draw in question the right of George, or his alienee, to the interest in remainder. As to that interest he occupies no better position than a mere volunteer, and whether the writing be fraudulent or not, is a matter of no interest with him, and cannot be enquired into by him.

*Purchaser of a life estate only, cannot impeach as fraudulent, a prior conveyance of the remainder, and on that ground claim the entire estate.*

It would therefore seem naturally to follow, that any instructions from the court calculated to withdraw the minds of the jury from the materiality or importance of the enquiry, whether more than an estate in the negro for the life of Merrick was purchased by Greathouse, would be irregular, provided evidence conducing to prove that but a life estate was purchased was introduced. Evidence conducing to that end was introduced; and without informing the jury that if but a life estate was purchased by Greathouse he has no right to make the question, or go into the enquiry as to the writing between Merrick and George being fraudulent, or if fraudulent it could avail nothing in favor of a purchaser of the life estate against the estate in re-

REED
vs.
GREAT-
HOUSE.

An instruc-
tion calcula-
ted to divert
the attention
of the jury
from the facts
on which
their verdict
ought to de-
pend, is error,
whether right
or wrong in
the abstract.

mainder, the court assuming the writing to be *per se* fraudulent, instructed the jury accordingly.

The instruction thus given we think was calculated to prejudice the right of Reed, by inducing a belief in the jury, that whatever might be the extent of interest sold to Greathouse by the sheriff, as defendant Greathouse was at liberty to avail himself of the fraud in the writing. A jury, looking to the bench for an exposition of the law, and being disposed to be guided by its indications, would naturally conclude that an unconditional instruction as to the writing being fraudulent, would not be given if, from any conclusion to which they might come on the evidence, the fraud should have no influence; and acting under the influence of such an impression, they would not be disposed to scrutinize the evidence as to the interest sold by the sheriff, or feel the importance of turning their attention to that point. Whether fraudulent or not, therefore, the writing ought not to have been so declared by the court, without pointing out to the jury the bearing or influence which the fraud should have upon their deliberations and ascertainment of the facts which the evidence conduced to prove.

The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had not inconsistent with this opinion.

*Haggin* for appellant; *Crittenden* for appellee.

---

CHANCERY.

·Case 119.

October 14.

History of the
title to the
land in con-
test.